**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KARLOS E. CADDELL,** | : | **CIVIL ACTION NO. 1:03-CV-2039** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **PATRICK K. O'LEARY and** | : | |
| **MATTHEW J. KENNEDY,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court is plaintiff's motion (Doc. 60) for reconsideration of a prior order of court granting summary judgment in favor of defendants on plaintiff's claim under 42 U.S.C. § 1983 for an alleged unlawful arrest. For the reasons that follow, the motion will be denied.

This case involves the response by defendant-police officers to a complaint of a suspicious person in the parking lot at Hanover Manor Apartments in Carlisle, Pennsylvania.[1] (Doc. 20 at 7-8, 12, 19-22, 36; Doc. 21 at 17, 19). The defendants arrived at the scene and encountered plaintiff, who matched the physical description of the suspicious person. (Doc. 20 at p.19-20, 27-28, 30-31, 36, 41; Doc. 21 at 34). The parties dispute what unfolded when defendants approached plaintiff. Plaintiff avers that he was complacent and compliant with the defendants' purportedly overbearing questions and demands for identification. The

---

[1] A more extensive discussion of the facts of this case is presented in the order of court dated October 14, 2004 (Doc. 43), familiarity with which is presumed.

defendants paint a picture of a profane and combative plaintiff who refused to cooperate with their requests for information.  At some point a scuffle ensued, and plaintiff was arrested and charged with disorderly conduct, resisting arrest, and simple assault.  (Doc. 1 ¶ 28; Doc. 36).

Plaintiff subsequently instituted the above-captioned action alleging violations of Fourth Amendment and state constitutional rights, as well as various state tort claims.  (Doc. 1).  The parties filed cross-motions for summary judgment, and, by order of court dated October 14, 2004 (Doc. 43), summary judgment was granted in favor of defendants on several claims, including the challenge to the constitutionality of plaintiff's arrest.  Plaintiff now moves for reconsideration of the court's decision as to that claim.

Motions for reconsideration serve to "correct manifest errors of law or fact" in a prior opinion of the court, or "to present newly discovered evidence" to be considered in reviewing the prior opinion.  See L.R. 7.10; United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  They may not be used as a device for introducing evidence or claims previously available but not presented.  See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003).  Such motions require the court to reconstruct the record as it existed at the time of the prior decision and to determine whether the court committed a clear error of law material to the ruling.  Id.; see also Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988).

It follows from this remedial purpose that the standard of review for a motion for reconsideration relates back to the standard applicable in the underlying decision.  Fiorelli, 337 F.3d at 287-88; Pittsburgh Terminal Corp. v. Balt. & Ohio R.R., 824 F.2d 249, 253 (3d Cir. 1987).  When a reconsideration motion challenges the court's grant or denial of summary judgment, Federal Rule of Civil Procedure 56 controls the analysis.  Relief may be granted if the materials presented in support of and in opposition to the summary judgment motion—including the pleadings, discovery materials, and affidavits—"show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); see also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001).  The court should not weigh conflicting evidence or make factual findings but, rather, should "consider all evidence in the light most favorable to the non-moving party" to determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Schnall v. Amboy Nat'l Bank, 279 F.3d 205, 209 (3d Cir. 2002); see also Interbusiness Bank, N.A. v. First Nat. Bank of Mifflintown, 328 F. Supp. 2d 522, 525 (M.D. Pa. 2004).

The motion *sub judice* avers that new evidence, in the form of deposition testimony given by a previously unavailable witness, demonstrates the existence of a disputed material fact surrounding plaintiff's arrest.  (See Doc. 60, ¶¶ 11-12, 14).  According to plaintiff, this evidence contradicts defendants' testimony describing plaintiff as being placed under arrest after stepping menacingly toward a group of

onlookers, and lends credence to his contention that he was arrested only for "verbally challenging the officers' right to interrogate him." (Doc. 60 ¶ 13).

Plaintiff misinterprets the prior opinion of the court. Whether or not plaintiff stepped toward the group of onlookers has no bearing on the lawfulness of his arrest. As discussed in that opinion, although a reasonable jury could arguably find that plaintiff's initial detention offended traditional notions of constitutional and state tort jurisprudence, by plaintiff's own admission he resisted defendants' attempts to arrest him.[2] Plaintiff testified in his deposition that it was his specific intent to not let the defendants handcuff him. (Doc. 22 at 40). Plaintiff admitted that he moved away from the officers, "threw [his] hands out" to "knock off their grasp," told them to "get their fucking hands off," and attempted to "knock [defendants] off" of him as they attempted to effectuate the arrest. (Doc. 22 at 37-38, 131). Plaintiff forewarned defendants that he was not going to let himself be handcuffed, repeatedly ordered them to release him, attempted to pull away from their grasps, and used both verbal and physical actions to notify defendants that he was refusing to be arrested. (Doc. 22 at 37-43, 75, 130-131).

There is no factual question based on the evidence of record that plaintiff's behavior was at best tumultuous, and at worst violent. Defendants could reasonably believe that plaintiff's conduct imperiled their security and violated

---

[2] See United States v. Valentine, 232 F.3d 350, 358 (3d Cir. 2000) ("[T]here can be no Fourth Amendment violation until [an arrest] occurs."); County of Sacramento v. Lewis, 523 U.S. 833, 845 n. 7 (1998) ("Attempted [arrests] of a person are beyond the scope of the Fourth Amendment.").

Pennsylvania's disorderly conduct statute.  See 18 PA. CONS. STAT. § 5503(a)(1) (stating that disorderly conduct includes "engag[ing] in fighting or threatening, or in violent or tumultuous behavior").[3]  As such, qualified immunity shields them from suit on this claim, and plaintiff's motion for reconsideration will be denied.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date:   June 6, 2005

---

[3] Under Pennsylvania law, even when an arrest is unlawful a citizen does not have the right to resist.  See 18 PA. CONS. STAT. § 505(b)(1)(i) ("The use of force is not justifiable . . . . to resist an arrest which the actor knows is being made by a peace officer, although the arrest is unlawful); Commonwealth v. Biagini, 655 A.2d 492, 497-98 (Pa. 1995) ("Physical resistance to a police officer [effectuating an unlawful arrest] is not only counter-productive to the orderly resolution of controversy, but it is also specifically prohibited by statute").  Further, a citizen may still be charged with those crimes that arise while resisting an unlawful arrest.  See id. (affirming conviction for aggravated assault and stating that although initial detention was unlawful, "lawful arrest" was not element of crime); Commonwealth v. Lynch, 773 A.2d 1240, 1247 (Pa. Super. Ct. 2001) (holding that, though officers' initial pursuit was unlawful, defendant's subsequent assault provided probable cause for eventual arrest); Commonwealth v. Britt, 691 A.2d 494 (Pa. Super. Ct. 1997) (stating that though initial detention was unlawful, defendant's resistance provided probable cause to effectuate arrest for aggravated assault and reckless endangerment); Commonwealth v. Moyer, 65 Pa. D. & C. 4th 463 (Pa. Ct. Com. Pls. Carbon 2004) (stating that lawfulness of arrest is irrelevant to charges of disorderly conduct).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KARLOS E. CADDELL,** | : | **CIVIL ACTION NO. 1:03-CV-2039** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **PATRICK K. O'LEARY and MATTHEW J. KENNEDY,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 6th day of June, 2005, upon consideration of plaintiff's motion for reconsideration (Doc. 60), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 60) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge