# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARLOS E. CADDELL,** | : | **CIVIL ACTION NO. 1:03-CV-2039** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **PATRICK K. O'LEARY and** | : | |
| **MATTHEW J. KENNEDY,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 9th day of June, 2005, upon consideration of plaintiff's motion in limine (Doc. 57), seeking to preclude the introduction of evidence relating to plaintiff's conduct *prior* to the arrival of defendant police officers, on grounds that such evidence lacks relevancy and would be unfairly prejudicial to plaintiff's claims against defendants for unlawful seizure, and it appearing that the conduct in question was not relayed to police dispatchers or made available to defendants at the time that they encountered plaintiff, see United States v. Ubiles, 224 F.3d 213 (3d Cir. 2000) (stating that reasonableness of suspicion must be based upon officer's knowledge prior to seizure), that the evidence would not "hav[e] a[] tendency" to show that defendants acted with reasonable suspicion, see FED. R. EVID. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable"), and that any arguable probative value of such evidence is substantially outweighed by a danger of confusing the issues or

misleading the jury, see FED. R. EVID. 403, it is hereby ORDERED that the motion in limine (Doc. 57) is GRANTED and defendants shall be precluded from referencing or introducing evidence of plaintiff's conduct prior to their arrival.

      S/ Christopher C. Conner  
      CHRISTOPHER C. CONNER  
      United States District Judge