### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARLOS E. CADDELL,** | : | **CIVIL ACTION NO. 1:03-CV-2039** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PATRICK K. O'LEARY and** | : | |
| **MATTHEW J. KENNEDY,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 9th day of June, 2005, upon consideration of plaintiff's

motion in limine (Doc. 55), seeking to preclude the introduction of evidence relating

to information provided to defendant police officers that a criminal incident

previously took place at the location where plaintiff was arrested, on grounds that

such evidence lacks relevancy and would be unfairly prejudicial to plaintiff's

claims against defendants for unlawful seizure, and it appearing that evidence of

defendants' knowledge of such an incident before encountering plaintiff at that

location would "hav[e] a[] tendency" to show that defendants acted with

reasonable suspicion, see FED. R. EVID. 401 (defining "relevant evidence" as

"evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable");

United States v. Ubiles, 224 F.3d 213 (3d Cir. 2000) (stating that reasonableness of

suspicion must be based upon officer's knowledge prior to seizure); United States

v. Nelson, 284 F.3d 472, 477 (3d Cir. 2002) ("[O]fficers are not required to ignore the

relevant characteristics of a location in determining whether the circumstances are

sufficiently suspicious to warrant further investigation."); <u>United States v. Givan</u>,

320 F.3d 452, 458 (3d Cir. 2003) (stating that totality of the circumstances must be

reviewed in determining existence of reasonable suspicion); <u>see also</u> <u>Johnson v.</u>

<u>Campbell</u>, 322 F.3d 199, 206 (3d Cir. 2003) (stating that "officers may rely on a

trustworthy second hand report, if that report includes facts that give rise to

particularized suspicion"), that the probative value of such evidence is not

substantially outweighed by the danger of unfair prejudice, <u>see</u> FED. R. EVID. 403,

and that any potential prejudice may be obviated by counsel's cross-examination

of the witnesses, it is hereby ORDERED that the motion in limine (Doc. 55) to

preclude evidence of a prior incident is DENIED.


      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge