## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARLOS E. CADDELL,** | : | **CIVIL ACTION NO. 1:03-CV-2039** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PATRICK K. O'LEARY and** | : | |
| **MATTHEW J. KENNEDY,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Presently before the court is plaintiff's motion in limine to preclude the introduction of evidence related to prior criminal convictions at trial.  For the reasons that follow, the motion will be granted in part and denied in part.

This case involves the response by defendant-police officers to a complaint of a suspicious person in the parking lot at Hanover Manor Apartments in Carlisle, Pennsylvania.[1]  (Doc. 20 at 7-8, 12, 19-22, 36; Doc. 21 at 17, 19).  The defendants arrived at the scene and encountered plaintiff, who matched the physical description of the suspicious person.  (Doc. 20 at p.19-20, 27-28, 30-31, 36, 41; Doc. 21 at 34).  The parties dispute what unfolded when defendants approached plaintiff, but, at some point, a scuffle ensued and plaintiff was arrested and charged with disorderly conduct, resisting arrest, and simple assault.  (Doc. 1 ¶ 28; Doc. 36).

---

[1] A more extensive discussion of the facts of this case is presented in the opinion dated October 14, 2004 (Doc. 43), familiarity with which is presumed.

Plaintiff subsequently instituted the above-captioned case alleging violations of Fourth Amendment and state constitutional rights, as well as various state tort claims.  (Doc. 1).  The complaint requests damages for, among other things, plaintiff's loss of liberty, physical pain, suffering, emotional trauma, mental anguish, and humiliation.  A jury trial is scheduled to commence on June 14, 2005. The motion *sub judice* requests that defendants be precluded from submitting into evidence plaintiff's prior convictions, which include a 1991 retail theft conviction, a 1993 riot conviction, a 2000 harassment conviction, a 2003 reckless endangerment conviction, and a 2003 harassment conviction.  (Doc. 56 ¶¶ 2-3).

Federal Rule of Evidence 609 allows for the introduction of evidence of a conviction for impeachment purposes:

For the purposes of attacking the credibility of a witness,

> (1) evidence that a witness . . . has been convicted of a crime shall be admitted . . . if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . .

> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

FED. R. EVID. 609(a).  The admission of such evidence is limited to convictions that occurred within the last ten years unless the court finds that the probative value of such an older conviction, "supported by specific facts and circumstances" surrounding the case, "substantially outweighs its prejudicial effect."  See id.  And, as always, the court may exclude a conviction where its probative value is

"substantially outweighed" by a danger of prejudice, misleading the jury, or confusing the issues.  FED. R. EVID. 403; see also id. at 609(a)(1).

In the matter *siub judice*, plaintiff's 1991 retail theft and 1993 riot convictions are beyond the ten-year limitations period, and defendants have not identified any "specific facts and circumstances" that are sufficient to necessitate their use for impeachment purposes.  Although plaintiff's 2000 and 2003 summary harassment convictions occurred within the applicable limitations period, these convictions were not punishable by "imprisonment in excess of one year,"[2] and hence are also excluded for impeachment purposes.

However, plaintiff's 2003 conviction for reckless endangerment falls squarely within the ambit of Rule 609: the offense occurred within the ten-year limitations period and is punishable by a term of imprisonment exceeding one year.[3]  Although plaintiff argues that defendants "have shown no basis" for the admittance of this conviction, it is *plaintiff's* burden to demonstrate that the conviction should not be admitted.  See FED. R. EVID. 609 (stating that the conviction "shall be admitted"); see also 28 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 6134 (3d ed. 1998) ("Where the

---

[2] Compare 18 PA. CONS. STAT. § 2709(c) (grading harassment) with id. § 1105 (providing for a maximum sentence of imprisonment of ninety days for summary offenses).

[3] Compare id. § 2705 (grading reckless endangering another person as a misdemeanor of the second degree) with id. § 1104 (providing for sentence of imprisonment of up to two years).

witness is not [a criminal defendant], the evidence must be admitted unless the objecting party shows that prejudicial effect substantially outweighs probative value.").

Plaintiff also contends that the admission of this conviction could be prejudicial to his case, and that its admission serves no probative value. However, *any* evidence that harms a party's case is prejudicial; only evidence that is "unfairly" prejudicial must be excluded. See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344 & n.6 (3d Cir. 2002). Further, the purpose of Rule 609 is not to establish the facts or circumstances of a particular matter. Rather, it is to allow a jury to assess the credibility of a witness. The rule is based upon the "common sense proposition" that an individual who has "transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." Walden v. Georgia-Pacific Corp., 126 F.3d 506, 523 (3d Cir. 1997) (internal citation omitted). In a case such as this, where many of the relevant facts are contested, witness credibility will play a decisive role in the reaching of a verdict. Hence, the import of any evidence that may help the jury to assess a witness's credibility cannot be understated.

The court finds that the use of plaintiff's conviction for impeachment purposes will not be unfairly prejudicial; any prejudice may be minimized by counsel's examination of plaintiff or by a limiting instruction from the court. See United States v. Sriyuth, 98 F.3d 739, 748 (3d Cir. 1996) (stating that risk of unfair prejudice may be minimized by instruction from court). Nor is this prior

4

conviction likely to confuse the pertinent issues or mislead the jury.  Thus, plaintiff's conviction for reckless endangerment is admissible under Rule 609 for impeachment purposes.

Although plaintiff's other convictions are not admissible under Rule 609, they may become admissible at trial under Rule 404.  Rule 404 provides that evidence of "other crimes, wrongs, or acts" is inadmissible to show that the witness acted in consistence therewith, but *are* admissible "for other purposes."  FED. R. EVID. 404(b).  The complaint and plaintiff's deposition testimony reflect that he is claiming emotional damages related to alleged humiliation and suffering arising from the incident at issue.  Depending upon the evidence proffered for these damages, evidence of plaintiff's "other crimes, wrongs, or acts" could become relevant and admissible.  See Kowalski v. Gagne, 914 F.2d 299 (1st Cir. 1990) (admitting prior conviction for damages determination).  The court will address the admissibility of plaintiff's convictions for such "other purposes" if or when they become an issue at trial.  See 22 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 5240 (3d ed. 1998) (stating that probative value of evidence sought to be admitted under Rule 404(b) must first be weighed for unfair prejudice, confusion of issues, and misleading of jury under Rule 403).

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date:      June 9, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARLOS E. CADDELL, | : | CIVIL ACTION NO. 1:03-CV-2039 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| PATRICK K. O'LEARY and | : | |
| MATTHEW J. KENNEDY, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 9th day of June, 2005, upon consideration of plaintiff's

motion in limine (Doc. 56) to preclude the admission of prior criminal convictions,

and for the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that:

1.  The motion (Doc. 56) is GRANTED to the extent that defendants shall
    not be permitted to introduce evidence of plaintiff's convictions for
    retail theft, riot, and harassment for impeachment purposes.  The
    motion is otherwise DENIED.  See FED. R. EVID. 609.

2.  Should plaintiff's other convictions become relevant and admissible
    during trial, the court will provide to the jury limiting instructions for
    their use.  See FED. R. EVID. 404(b); United States v. Sriyuth, 98 F.3d
    739, 748 (3d Cir. 1996).


    S/ Christopher C. Conner

CHRISTOPHER C. CONNER

United States District Judge