# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KARLOS E. CADDELL,** : | **CIVIL ACTION NO. 1:03-CV-2039** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **PATRICK K. O'LEARY and** : | |
| **MATTHEW J. KENNEDY,** : | |
| **Defendants** : | |

## ORDER

AND NOW, this 13th day of June, 2005, upon consideration of defendants' motion in limine (Doc. 53), seeking to preclude on relevancy grounds the introduction of the judgment of a state court dismissing a criminal complaint against plaintiff based on lack of probable cause to effect the detention at issue in this case, and it appearing that the judgment represents an opinion of the state court on the ultimate issues in this case and is not properly admissible for this purpose, that the judgment does not have preclusive effect because defendants were not parties to the state criminal proceeding, see Collins v. E.I. DuPont de Nemours & Co., 34 F.3d 172, 177-78 (3d Cir. 1994) (stating that nonparty to prior proceeding cannot be precluded by outcome); Sappan v. Dadonna, 203 F.3d 228 (3d

Cir. 2000) (same),[1] and that any arguable probative value of such evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury, see FED. R. EVID. 403 (requiring exclusion of evidence where "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury"); United States v. Bernhardt, 642 F.2d 251 (5th Cir. 1981) (affirming trial court's exclusion of prior court decision where jury would be faced with legal rather than factual question), it is hereby ORDERED that the motion in limine (Doc. 53) is GRANTED.  Plaintiff shall be precluded from introducing evidence at trial related to the state court criminal proceedings other than the nature of the charges brought against him and the fact of the dismissal of the charges.

                                      S/ Christopher C. Conner
                                      CHRISTOPHER C. CONNER
                                      United States District Judge

---

[1] Cf. Commisioner v. Sunnen, 333 U.S. 591, 599-600 (1948) (confining collateral estoppel to "situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the . . . applicable legal rules remain unchanged"); Neaderland v. Commissioner, 424 F.2d 639 (D.C. N.Y. 1970) (declining to admit evidence of prior trial due to "certain fundamental dissimilarities in the principles which govern the litigation of virtually identical . . . issues in criminal and civil" cases).